IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **AUSTIN B. BETTIN, TRAVIS S. BETTIN** and **JAMES E. WALSH**,         Plaintiffs,    vs.    **SUE E. SCHUCK,** and **AMERICAN FAMILY LIFE INSURANCE COMPANY**, a Wisconsin corporation,         Defendants. | Civil Case No. 3: 11-CV-00277-KI    OPINION AND ORDER |

      Jill Schneider
      Schwabe, Williamson & Wyatt, P.C.
      Pacwest Center
      1211 SW 5th Avenue, Suite 1900
      Portland, Oregon  97204

          Attorney for Plaintiffs

Page 1 - OPINION AND ORDER

Jeffrey P. Chicoine
Miller Nash LLP
111 SW Fifth Avenue, Suite 3400
Portland, Oregon  97204

      Attorney for Defendants

KING, Judge:

      I entered an Order of Default against defendant Sue E. Schuck on September 20, 2011. Before the court is plaintiffs' Motion for Default Judgment and Declaration of Ownership [24].

## DISCUSSION

      In the default Judgment, plaintiffs seek a declaration of ownership for a 1998 Chevy Nova, a judgment for the amount of $3,019.00, and costs in the amount of $697.30. I will enter Judgment for all of these.

      Plaintiffs also seek $17,670.00 in attorney fees incurred in this action. They are entitled to attorney fees because they successfully brought suit to benefit an estate or trust as a whole. Jones v. Kuhn, 59 Or. App. 135, 140, 650 P.2d 999 (1982).

      In addressing a petition for attorney fees, the court must first determine the lodestar amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (1997). In calculating the lodestar amount, the court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), that are subsumed in that calculation. Id. at 364 n.9. The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5)

Page 2 - OPINION AND ORDER

    the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

    The factors subsumed in the lodestar calculation, and thus to be considered in determining the number of reasonable hours and the reasonable hourly rate, are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, and the results obtained. Id. at 364 n.9. Next, the court must consider the necessity of adjusting the lodestar amount based on the Kerr factors that are not subsumed within the initial lodestar calculation. Id. at 363-64. There is a strong presumption, however, that the lodestar amount is a reasonable fee. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. Id. at 364 n.8.

    Although defendant did not appear, I examined the declaration plaintiffs' counsel filed in support of the motion so that I could decide if the lodestar calculation was reasonable. I take no issue with the hourly rate of $310 being used for the vast majority of the hours. I am concerned, however, that the hours spent are not reasonable. I discuss a few of my concerns below.

    Counsel seeks $4,414 in fees for time spent in the six months prior to drafting the Complaint. I acknowledge that the facts in this matter are rather convoluted, but some of the

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Page 3- OPINION AND ORDER

tasks do not appear relevant to the issues before the court. Instead, they appear to be issues associated more generally with the estate of Tod A. Bettin. For example, counsel spent time obtaining and reviewing Bettin's medical records and deciding whether to open a small estate under Oregon probate law. Counsel also spent a great deal of time attempting to settle with Schuck. Although I encourage early settlement attempts in the right cases, at some point early settlement attempts become futile.

Counsel incurred $3,286 in fees to draft the Complaint. The Complaint alleges the facts in more detail than are necessary in federal court, which only requires notice pleading. See Fed. R. Civ. P. 8(a)(2) (a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Counsel incurred $944 in fees concerning rescission of the insurance policy. That issue is between the estate and the insurance company, not between the estate and Schuck.

Counsel incurred $3,162 in fees to arrange for service by publication. Clearly some work needed to be done but many of the documents filed with the court are very brief. Moreover, some of these tasks could be handled competently by a legal assistant, such as making arrangements with the newspapers and interacting with the process servers.

After reviewing counsel's billing statements in detail, I find that some of the work was not strictly needed to prosecute the claims before this court, but instead was needed to wind up Bettin's estate. Other tasks in this action incurred fees larger than I am willing to shift to defendant Schuck. The legal issues were not complex and no unusual skill was required to perform them. The amount involved was limited and the recovery for plaintiffs was nominal. At

Page 4- OPINION AND ORDER

the end of the day, Schuck did not appear before the court and plaintiffs won a breach of contract case by default. For these reasons, I reduce the attorney fees award to $8,500.

## CONCLUSION

Plaintiffs' Motion for Default Judgment and Declaration of Ownership [24] is granted in part. I will enter Judgement in accord with this analysis.

IT IS SO ORDERED.

Dated this       1st       day of December, 2011.


                                                  /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge